JUDGE KARAS

ORIGINAL

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

07 CV 11145

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FILED
U.S. DISTRICT COURT
2007 DEC 11 AM 8:48
S.D. OF N.Y.

ROGER STEVEN CARDENAS, an infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, individually,

Plaintiffs,

- against -

PHELPS MEMORIAL HOSPITAL CENTER,

Defendant.

PHELPS MEMORIAL HOSPITAL CENTER,

Third-Party Plaintiff,

- against -

OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR,

Third-Party Defendants.

**NOTICE OF REMOVAL**

07 Civ. _______

Third-party defendant Open Door Family Medical Center, Inc. and its office in Ossining, New York, third-party defendant Ossining Open Door, (collectively, "Open Door"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby remove the above-captioned action to the United States District Court for the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: ______________

Southern District of New York pursuant to 28 U.S.C. §§ 1442(a)(1), 1441(b), 1446, 2569(d)(2), and 42 U.S.C. § 233(c) The grounds for removal are as follows:

1. On or about December 1, 2006, Roger Steven Cardenas and Eudocia Anguisaca (collectively, the "Plaintiffs") commenced an action in New York Supreme Court (Westchester County), under Index Number 23710/06, naming Phelps Memorial Hospital Center ("Phelps" or "Third-party Plaintiff") as the defendant in a lawsuit alleging medical malpractice. A true and correct copy of the Verified Complaint filed by the Plaintiffs is attached as Exhibit A (the "Cardenas Complaint").

2. On or about November 9, 2007, Phelps filed a third-party complaint against Open Door. A true and correct copy of the Third-Party Complaint filed by the Phelps is attached as Exhibit B (the "Phelps Complaint"). The Phelps Complaint alleges that Open Door is liable to Phelps for "indemnity or contribution" for some portion of the Plaintiffs' damages or injuries because Open Door provided pre-natal care services to Plaintiff Anguisaca and because an Open Door employee was present at the delivery of Plaintiff Cardenas. See Phelps Complaint at ¶¶ 9-14, 17. Less than thirty days have elapsed since Open Door first received a copy of the Phelps Complaint.

3. Pursuant to the Federally Supported Health Centers Assistance Act of 1992, as amended (codified at 42 U.S.C. § 233(g)-(n)), the United States Department of Health and Human Services ("HHS") is authorized to "deem" HHS grantees, as well as employees and certain contractors of those grantees, to be employees of the Public Health Service. Once so "deemed," any claim against such a HHS grantee for medical malpractice must be asserted pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. See 42 U.S.C. § 233(a); see also Valdez ex rel. Donely v. United States, 415 F.Supp.2d 345, 346 (S.D.N.Y. 2006).

4. At the times relevant to the claims against Open Door in the Phelps Complaint, employees of the Open Door were "deemed" employees of the Public Health Service by the HHS. A true and correct copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated December 7, 2007, certifying that third-party defendant Open Door Family Medical Center, Inc., its office in Ossining, New York (third-party defendant Ossining Open Door) and its employees were, at times relevant to this action, employees of the United States and acting within the scope of their employment for purpose of Phelps's claim against them, is attached hereto at Exhibit C.

5. "[F]or purposes of removal," the certification by the United States Attorney of Open Door's status "conclusively establish[es] scope of office or employment." Osborn v. Haley, 127 S.Ct. 881, 894 (2007) (quoting 28 U.S.C. § 2679(d)(2)). Thus, the action maintained against Open Door by Phelps is "a civil action ... commenced in a State Court against" an agency or officer of the United States, as well as a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under ... laws of the United States." That action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1441(b) and 1446, section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), and the FTCA, 28 U.S.C. § 2679(d)(2). See Barnaby v. Quintos, 410 F.Supp.2d 142, 143-44 (S.D.N.Y. 2005).

6. The submission of this notice of removal is solely for the special purpose of removing this action to Court and is not a general appearance by Open Door. This Office makes a limited appearance on behalf of Open Door solely for the purpose of removal of this action. This submission does not constitute a waiver of any defense available to Open Door, including any defense under Rule 12 of the Federal Rules of Civil Procedure, and does not constitute a

waiver of a defense of lack of personal jurisdiction or improper service of process.

Dated: New York, New York
December 10, 2007

MICHAEL J. GARCIA
United States Attorney
Attorney for Defendants Open Door

By: ______________________
LI YU
Assistant United States Attorney
Tel.: (212) 637-2734
Fax: (212) 637-2686

TO: James P. Fitzgerald, Esq.
Fitzgerald & Fitzgerald, P.C.
538 Riverdale Ave.
Yonkers, NY 10705
*Counsel for Plaintiffs*

Rocco Conte, Esq.
O'Connor, McGuinness, Conte, Doyle & Oleson
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
*Counsel for Third-party Plaintiff Phelps Memorial Hospital Center*

CERTIFICATE OF SERVICE

I, LI YU, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 10, 2007, I caused a copy of the foregoing NOTICE OF REMOVAL to be served by Overnight Delivery upon the following:

James P. Fitzgerald, Esq.
Fitzgerald & Fitzgerald, P.C.
538 Riverdale Ave.
Yonkers, NY 10705
*Counsel for Plaintiffs*

Rocco Conte, Esq.
O'Connor, McGuinness, Conte, Doyle & Oleson
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
*Counsel for Third-party Plaintiff Phelps Memorial Hospital Center*

Dated: New York, New York
December 10, 2007

By: ______________________
LI YU
Assistant United States Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------X Index No.

ROGER STEVEN CARDENAS, an Infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, Individually,
Plaintiffs,

-against-

PHELPS MEMORIAL HOSPITAL CENTER,
Defendant.

-------------------------------------------------------------X

VERIFIED COMPLAINT

1. Plaintiffs, through their attorneys, Fitzgerald & Fitzgerald, P.C., allege, upon information and belief, the following:

**THE PARTIES**

2. Plaintiff, ROGER STEVEN CARDENAS, is an infant, having been born on August 10, 2005.

3. Plaintiff, EUDOCIA ANGUISACA, is an adult over the age of eighteen (18) and is the parent and natural guardian of the infant plaintiff.

4. Defendant, PHELPS MEMORIAL HOSPITAL CENTER, is a hospital existing under and by virtue of the laws of the State of New York, with its principal place of business located at 701 North Broadway, Sleepy Hollow, NY 10591.

**AS AND FOR A FIRST CAUSE OF ACTION [illegible]**

5. Defendant undertook to attend and provide medical care for plaintiffs in a reasonable, proper, and skillful manner.

6. Defendant and its agents, servants, and/or employees were negligent and committed malpractice in their treatment of plaintiffs.

7. Plaintiffs sustained severe and permanent injuries as a result of the negligence and malpractice of defendant.

8. The injuries and damages sustained by plaintiffs were caused solely by the negligence of the defendant and its agents, servants, and/or employees without any negligence on the part of the plaintiffs contributing thereto.

9. Plaintiffs sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF INFANT FOR LACK OF INFORMED CONSENT**

10. Defendant and its agents, servants, and/or employees performed some and failed to perform other medical treatments, procedures, surgeries, and/or diagnostic procedures upon plaintiffs without obtaining the informed consent of the plaintiffs.

11. Defendant and its agents, servants, and/or employees failed to advise the plaintiffs of the risks, dangers, and consequences associated with the performance or non-performance of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures.

12. A reasonably prudent person in the plaintiffs' position would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures and would have chosen a different course of treatment if she had been fully informed of the risks, dangers, and consequences.

13. As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld or performed upon the plaintiffs, without the plaintiffs' informed consent, plaintiffs were personally damaged.

14. Such a lack of informed consent is a proximate cause of plaintiffs' damages for which relief is sought herein.

15. Plaintiffs sustained severe and permanent injuries as a result of the defendant's failure to obtain an informed consent.

16. The injuries and damages sustained by plaintiffs were caused solely by the negligence of the defendant and its agents, servants, and/or employees without any negligence on the part of plaintiffs contributing thereto.

17. Plaintiffs sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PARENT AND NATURAL GUARDIAN**
**FOR A DERIVATIVE CLAIM**

18. As a result of the injuries sustained by the infant due to the negligence and malpractice of defendant and its agents, servants, and/or employees, and the lack of informed consent, plaintiff, parent and natural guardian, incurred expenses and obligations and lost the society and services of the infant plaintiff.

19. Infant required extraordinary care as a result of defendant's negligence. Said extraordinary care was provided by adult plaintiff. As a result of the necessity of providing said extraordinary care, plaintiff, parent and natural guardian, was damaged by the loss of earnings.

20. Plaintiff, parent and natural guardian, is entitled to the fair value of the extraordinary care and for damages sustained in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF ADULT PLAINTIFF FOR DAMAGES FOR MALPRACTICE**

21. Adult plaintiff was a patient of the defendant.

22. Defendant undertook to attend and care for adult plaintiff in a reasonable, proper, and skillful manner.

23. Defendant and its agents, servants, and/or employees were negligent and committed malpractice in their treatment of adult plaintiff.

24. Adult plaintiff sustained severe and permanent injuries as a result of the negligence and malpractice of defendant exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602**

25. One or more of the exceptions in CPLR 1602, including but not limited to Subsection 2 (iv) and 7 are applicable to all causes of action and defendant is jointly and severally liable with all other tortfeasors whether parties to this action or not.

Dated: Yonkers, New York
December 1, 2006

FITZGERALD & FITZGERALD, P.C.
By: John M. Daly, Esq.
Attorneys for plaintiffs
538 Riverdale Avenue
Yonkers, NY 10705
(914) 378-1010
Our File No.: A05124

# VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

**EUDOCIA ANGUISACA**, being duly sworn, deposes and says:

I am the Mother and Natural Guardian of Infant, ROGER STEVEN CARDENAS, a plaintiff herein. I also have individual claims. I have read the **SUMMONS** and **COMPLAINT** and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Eudocia Anguisaca
EUDOCIA ANGUISACA

Sworn to before me this
26 day of October, 2006

[signature]
Notary Public

MERCEDES [illegible]
Commissioner of Deeds
City of Yonkers
Certificate Filed in Westchester County
Commission Expires 12/31/06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------X

ROGER STEVEN CARDENAS, an Infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, Individually,

Plaintiffs,

-against-

PHELPS MEMORIAL HOSPITAL CENTER,

Defendant.

-----------------------------------------------------------------X

Index No.

**CERTIFICATE OF MERIT MEDICAL MALPRACTICE**

The undersigned, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

1. I am associated with the firm of Fitzgerald & Fitzgerald, P.C., attorneys for the plaintiffs herein. I am familiar with the facts and circumstances of this proceeding. This affirmation is made upon information and belief, the source of your affirmant's knowledge being the file maintained by this office.

2. I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: Yonkers, New York
December 1, 2006

FITZGERALD & FITZGERALD, P.C.
By: John M. Daly, Esq.
Attorneys for plaintiffs
538 Riverdale Avenue
Yonkers, NY 10705
(914) 378-1010
Our File No.: A05124

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------X Index No.:

ROGER STEVEN CARDENAS, an Infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, Individually,

Plaintiffs,

-against-

PHELPS MEMORIAL HOSPITAL CENTER,

Defendant.

----------------------------------------------------------X

**SUMMONS & COMPLAINT& CERTIFICATE OF MERIT IN MEDICAL MALPRACTICE ACTION**

***FITZGERALD & FITZGERALD, P.C.***
*Attorneys for Plaintiffs*
*538 Riverdale Avenue*
*Yonkers, NY 10705*

*(914) 378-1010*
File No.: A05124

**Certification Pursuant to 22 NYCRR § 130-1.1a(b)**

I hereby certify pursuant to 22 NYCRR § 130-1.1a(b) that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers herein or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):

*FITZGERALD & FITZGERALD, P.C.*
By: John M. Daly, Esq.
*Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------X

Index No. 23710/06

ROGER STEVEN CARDENAS, an Infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, Individually,

Plaintiffs,

**THIRD-PARTY COMPLAINT**

-against-

PHELPS MEMORIAL HOSPITAL CENTER,

Defendant.

---------------------------------------------------------------X

PHELPS MEMORIAL HOSPITAL CENTER,

Index No.

Plaintiff,

-against-

OPEN DOOR FAMILY MEDICAL CENTER, INC. And OSSINING OPEN DOOR,

Defendants.

---------------------------------------------------------------X

RECEIVED
NOV -9 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

The third-party plaintiff, PHELPS MEMORIAL HOSPITAL CENTER, by its attorneys, O'CONNOR, McGUINNESS, CONTE, DOYLE & OLESON, alleges upon information and belief, the following:

FIRST: That defendant and third-party plaintiff, PHELPS MEMORIAL HOSPITAL CENTER, is a hospital existing under and by virtue of the laws of the State of New York, with its principal place of business located at 701 North Broadway, Sleepy Hollow, New York 10591.

SECOND: That third-party defendant, OPEN DOOR FAMILY MEDICAL CENTER, INC., is a family health clinic existing under and by virtue of the laws of the State of New York, with its principal place of business located at 165 Main Street, Ossining, New York 10562.

THIRD: That third-party defendant, OSSINING OPEN DOOR, is a family health clinic existing under and by virtue of the laws of the State of New York, with its principal place of business located at 165 Main Street, Ossining, New York 10562.

FOURTH: That third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, offer pre-natal care to patients in the first two trimesters at a clinic located at 165 Main Street, Ossining, New York 10562.

FIFTH: That third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, entered into a contract with defendant and third-party plaintiff, PHELPS MEMORIAL HOSPITAL CENTER, whereby OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, offer pre-natal care to patients in the third trimester at the clinic located at PHELPS MEMORIAL HOSPITAL CENTER at 701 North Broadway, Sleepy Hollow, New York 10591.

SIXTH: That third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, advise their pre-natal patients that labor and delivery will take place at PHELPS MEMORIAL HOSPITAL CENTER.

SEVENTH: That third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, employ licensed nurse-midwives and other medical care providers to monitor and otherwise care for patients while in labor as well as to perform the delivery and care to the newborn immediately after birth.

EIGHTH: That in August 2005, Patricia Mahoney, a licensed nurse-midwife, was employed by third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, and worked both at the clinic in Ossining and at the clinic's facilities at PHELPS MEMORIAL HOSPITAL CENTER.

NOV-14-2007 17:12 9145410769 98% P.07

NINTH: That in December 2004, Eudocia Anguisaca first sought pre-natal care at the OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR at the facility located at 165 Main Street, Ossining, New York 10562.

TENTH: That Eudocia Anguisaca received pre-natal care at the OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR at the facility located at 165 Main Street, Ossining, New York 10562 during her first and second trimesters.

ELEVENTH: That during her third trimester, Eudocia Anguisaca received pre-natal care at the OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, at their facility located at PHELPS MEMORIAL HOSPITAL CENTER at 701 North Broadway, Sleepy Hollow, New York 10591.

TWELFTH: That on August 10, 2007, Eudocia Anguisaca delivered a male child at PHELPS MEMORIAL HOSPITAL CENTER.

THIRTEENTH: That nurse-midwife, Patricia Mahoney, was present during the labor and delivery and supervised said labor and the delivery of Eudocia Anguisaca's son, Roger Steven Cardenas, born on August 10, 2005.

FOURTEENTH: At all such times Patricia Mahoney, was acting as an agent, servant or employee of OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR.

FIFTEENTH: That on December 13, 2006, PHELPS MEMORIAL HOSPITAL CENTER was served with a Summons and Complaint under Index No. 23710/06, alleging that Roger Steven Cardenas sustained permanent injuries as a result of the negligence and malpractice of PHELPS MEMORIAL HOSPITAL CENTER's agents, servants, and/or employees during labor and delivery and therafter on August 10, 2005. The Complaint and Plaintiffs' Bill of Particulars, copies of which are attached, allege that the care rendered during labor and delivery and immediately after birth was

11/14/2007 18:09 9149410769 ODD HK

negligently performed, that the mother's condition was not properly evaluated and appreciated, that the fetal heart rate was not properly monitored and that alleged abnormalities in the fetal heart tracings were not appreciated by those involved in the care and treatment.

SIXTEENTH: The care and treatment during the labor and delivery and immediately following delivery, were supervised and managed by Nurse Midwife Patricia Mahoney, who was at the time an employee of Third Party Defendant OPEN DOOR FAMILY HEALTH CENTER, INC. and OSSINING OPEN DOOR.

SEVENTEENTH: PHELPS MEMORIAL HOSPITAL CENTER alleges that should it be determined that it is in any way responsible to Plaintiffs for their claimed injuries and damages, it will have been the result of the actions or inactions of employees of OPEN DOOR FAMILY HEALTH CENTER, INC. and OSSINING OPEN DOOR, and thus PHELPS MEMORIAL HOSPITAL CENTER will be entitled to indemnity or contribution for that portion of Plaintiffs' injuries or damages brought about by the negligence of OPEN DOOR FAMILY HEALTH CENTER, INC. and OSSINING OPEN DOOR, and those employed by that entity or those acting under the direct supervision and control of that entity.

WHEREFORE, the defendant/third-party plaintiff, PHELPS MEMORIAL HOSPITAL CENTER, demands judgment against the third-party defendants, OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR, on the third-party complaint herein for indemnification for any and all damages recovered by the plaintiffs as against defendant/third-party plaintiff, PHELPS MEMORIAL HOSPITAL CENTER, together with the all costs, disbursements and attorneys' fees in connection with this action.

Dated: White Plains, New York
November 6, 2007

Yours, etc.,

By: [signature]
ROCCO CONTE
O'CONNOR, McGUINNESS, CONTE
DOYLE & OLESON
Attorneys for Defendant/Third-Party Plaintiff
PHELPS MEMORIAL HOSPITAL CENTER
One Barker Avenue, Suite 675
White Plains, New York 10601
(914) 948-4500

TO: Open Door Family Medical Center, Inc.
165 Main Street
Ossining, New York 10562
(914) 941-1263

Ossining Open Door
165 Main Street
Ossining, New York 10562
(914) 941-1263

Fitzgerald & Fitagerald, P.C.
Attorneys for Plaintiffs
538 Riverdale Avenue
Yonkers, New York 10705
(914) 378-1010
File No. A05124

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x

ROGER STEVEN CARDENAS, an infant, by his Mother and Natural Guardian, EUDOCIA ANGUISACA, and EUDOCIA ANGUISACA, individually,

Plaintiffs,

- against -

PHELPS MEMORIAL HOSPITAL CENTER,

Defendant.

--------------------------------------------------------------------- x

PHELPS MEMORIAL HOSPITAL CENTER,

Third-Party Plaintiff,

- against -

OPEN DOOR FAMILY MEDICAL CENTER, INC. and OSSINING OPEN DOOR,

Third-Party Defendants.

--------------------------------------------------------------------- x

**CERTIFICATION**

07 Civ. ______

I, Michael J. Garcia, the United States Attorney for the Southern District of New York, pursuant to the provisions of section 224 of the Public Health Service Act, 42 U.S.C. § 233, and 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4(b), hereby certify, on the information presently available, that, at all times

relevant to this civil action, third-party defendant Open Door Family Medical Center, Inc. (including its office in Ossining, New York – third-party defendant Ossining Open Door) and its employees were acting within the scope of their employment when they rendered pre-natal care to plaintiff Eudocia Anguisaca and care during the delivery of plaintiff Roger S. Cardenas and that, pursuant to section 224(g) of the Public Health Service Act, 42 U.S.C. § 233(g), third-party defendants Open Door Family Medical Center, Inc. and Ossining Open Door are deemed to be employees of the United States under the Federal Tort Claims Act.

Dated: New York, New York
December 7, 2007

By: ______________________
MICHAEL J. GARCIA
United States Attorney
Southern District of New York