UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ROGER STEVEN CARDENAS, an infant, by his : 
Mother and Natural Guardian, EUDOCIA :
ANGUISACA, and EUDOCIA ANGUISACA, :
individually, : ECF CASE
 :
     Plaintiffs, :
 :
        against - : 07 Civ. 11145 (KMK)(GAY)
 :
PHELPS MEMORIAL HOSPITAL CENTER, OPEN :
DOOR FAMILY MEDICAL CENTER, INC. and :
OSSINING OPEN DOOR, :
 :
     Defendants. :
------------------------------------------------------------------- x
PHELPS MEMORIAL HOSPITAL CENTER, :
 :
     Third-Party Plaintiff, :
 :
        against - :
 :
OPEN DOOR FAMILY MEDICAL CENTER, INC. :
and OSSINING OPEN DOOR, :
 :
     Third-Party Defendants. :
 :
------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF OPEN DOOR'S MOTION TO
SUBSTITUTE THE UNITED STATES AS DEFENDANT AND THIRD-PARTY
DEFENDANT AND TO DISMISS THE VERIFIED AMENDED COMPLAINT AS
AGAINST THE UNITED STATES**

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  86 Chambers Street, Third Floor
                                  New York, New York 10007
                                  Tel: (212) 637-2734
                                  Fax: (212) 637-2686

Li Yu
Assistant United States Attorney
   – Of Counsel –

Defendant and third-party defendant Open Door Family Medical Center, Inc. and its office in Ossining, New York, defendant and third-party defendant Ossining Open Door, (collectively, "Open Door"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to substitute the United States of America (the "United States") as a defendant and third-party defendant in place of Open Door and to dismiss the claims asserted against the United States by plaintiffs Roger S. Cardenas and his mother Eudocia Anguisaca (collectively, the "Plaintiffs") in their Verified Amended Complaint (the "Amended Complaint").

**PRELIMINARY STATEMENT**

Plaintiffs commenced this medical malpractice action against Phelps Memorial Hospital Center ("Phelps") in New York State Supreme Court in Westchester County on December 1, 2006, alleging that Phelps was negligent in rendering medical care to Plaintiffs. On or about November 6, 2007, Phelps filed a third-party complaint against Open Door in the state court, asserting a claim for contribution related to the Plaintiffs' claim against Phelps. On or about November 19, 2007, Plaintiffs filed the Amended Complaint, naming Phelps and Open Door as co-defendants.

Pursuant to the Public Health Service Act (the "PHSA"), 42 U.S.C. § 201, *et seq*., and as of July 1, 1994 (the "Deeming Date"), Open Door and the physicians, nurses and staff it employed have been deemed employees of the United States for purposes of lawsuits seeking tort damages resulting from Open Door's provision of medical services. Here, the allegations against Open Door by both Plaintiffs and Phelps arise from events that occurred after the Deeming Date. First, Plaintiffs allege in the Amended Complaint that Open Door was negligent in providing prenatal care to and managing the delivery for plaintiff Anguisaca

in connection with her pregnancy and the birth of plaintiff Cardenas. According to Plaintiffs, Open Door's alleged negligence occurred between late 2004 and August 2005. Similarly, Phelps's claim for contribution also arises from events relating to plaintiff Anguisaca's pregnancy with and giving birth to plaintiff Cardenas.

Pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), a "proceeding [is] deemed a tort action against the United States" when a designate of the Attorney General has certified "that the defendant was acting within the scope of his employment at the time of the incident out of which suit arose." *Id*. Here, the United States Attorney for the Southern District of New York, Michael J. Garcia, has certified pursuant to 28 § C.F.R. 15.4(b) that, at all times relevant to this action, Open Door and its employees were acting within the scope of their federal employment. Under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy with respect to the claims asserted against Open Door by Plaintiffs and by Phelps is an action against the United States pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Accordingly, the United States should be substituted for Open Door as a defendant and a third-party defendant.

Upon substitution of the United States for Open Door, the Court should dismiss the Plaintiffs' claims against the United States pursuant to Rule 12(b)(1). As a condition for the United States' waiver of its sovereign immunity pursuant to the FTCA, a tort claimant must exhaust administrative remedies before commencing an action in federal court. Here, Plaintiffs have not filed any administrative claim with the United States Department of Health and Human Services (the "HHS"). Accordingly, the claims against the United States in the Amended Complaint should be dismissed for lack of subject matter jurisdiction.

2

## RELEVANT FACTS

### I. Procedural Background

On or about December 1, 2006, Plaintiffs filed a Verified Complaint (the "Original Complaint") against Phelps in Westchester County Supreme Court.  *See* Declaration of Li Yu, dated March 4, 2008 (the "Yu Decl."), Exhibit A.  On November 9, 2007, Phelps filed a Third-Party Complaint (the "Phelps Complaint") against Open Door seeking contribution in the event that Phelps is found liable for any of claims in the Original Complaint.  *See* Yu Decl., Exhibit B.  On December 11, 2007, the United States removed this action from New York state court to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1441(b), 1446, 2569(d)(2) and 42 U.S.C. § 233(c).  On January 28, 2008, the United States answered the Phelps Complaint on behalf of Open Door.  *See* Yu Decl., Exhibit D.

On or about November 19, 2007, Plaintiffs amended their claims and filed the Amended Complaint against Phelps and Open Door, asserting direct and derivative claims for negligence and failure to obtain informed consent.  *See* Yu Decl., Exhibit C.  However, Plaintiffs never filed an administrative claim with the HHS relating to any medical services they received from Open Door prior to filing the Amended Complaint in state court.  *See* Declaration of Richard G. Bergeron dated February 20, 2008 (the "Bergeron Decl.") at ¶¶ 2-4, attached as Exhibit F to the Yu Decl.

### II. The Allegations Against Open Door

#### A. Plaintiffs' Allegations in the Amended Complaint

In the Amended Complaint, Plaintiffs allege generally that Phelps and Open Door caused "severe and permanent injuries" to Plaintiffs because they "committed malpractice in their treatment of Plaintiffs" and failed to obtain "the informed consent of Plaintiffs" for treatment given to them.  *See id*. at ¶¶ 7-9, 11-16, Yu Decl., Ex. C.  Although those allegations lack specificity as to the events giving rise to the claims in the Amended

3

Complaint, Plaintiffs' Verified Bill of Particulars (the "Bill of Particulars"), which was provided to Phelps on or about January 25, 2007, makes clear that Plaintiffs' claims relate to the care given to them when plaintiff Anguisaca was pregnant with plaintiff Cardenas, when she gave birth to him, and shortly after that birth. *See* Yu Decl., Exhibit E.

Specifically, Plaintiffs' Bill of Particulars states that Cardenas was born at Phelps on August 10, 2005. *See id*. at 1, Yu Decl. Ex. E. Plaintiff Anguisaca, according to the Bill of Particulars, arrived at Phelps on August 9, 2005; she and her son Cardenas were discharged on August 12, 2005. *See id*. Finally, Plaintiffs assert that, as the result of the alleged failure of due care, Cardenas suffers from cerebral palsy, which manifests itself through "developmental delays, motor difficulties, speech and language delays" and other symptoms. *See id*. at 9.

### B. Phelps's Allegations Against Open Door

The Phelps Complaint against Open Door alleges, *inter alia*, that Open Door is liable for contribution to Phelps for any damages that Plaintiffs sustained during the delivery of plaintiff Cardenas at Phelps because Open Door provided pre-natal care to Anguisaca prior to her giving birth to Cardenas and because an Open Door employee, nurse-midwife Patricia M. Mahoney, was present during the delivery of Cardenas on August 9, 2005. *See* id. at ¶¶ 8-14, Yu Decl. Ex. C.

### III. Open Door And Their Employees Were United States Employees At All Relevant Times and Were Acting In The Scope Of their Employment

Effective July 1, 1994, Open Door and the physicians, nurses and other staff providing health services employed by Open Door, were deemed to be employees of the United States pursuant to the PHSA, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n), for purposes of any civil action seeking tort

4

damages relating to the provision of medical and related services. *See* Bergeron Decl. at ¶ 5, Yu Decl., Ex. F. Since that date, Open Door's status as a "deemed" entity has "continued without interruption." *Id*.

As set forth above, Plaintiffs and Phelps's allegations against Open Door relate to medical services that Open Door rendered to Plaintiffs in 2004 and 2005. On December 7, 2007, United States Attorney Michael J. Garcia certified, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, that Open Door and its physicians, nurses and other staff acted within the scope of their employment when they rendered medical care to Plaintiffs during those periods. *See* Certification of Michael J. Garcia (the "Garcia Certification"), attached as Exhibit G to the Yu Decl.

## ARGUMENT

### I. The United States Should Be Substituted for Open Door as the Defendant

The United States should be substituted for the Open Door with respect to the tort claims alleged in the Amended Complaint and the contribution claim in the Phelps Complaint. Under the PHSA, tort claims, and claims for contribution based on underlying tort claims, against entities like Open Door, which have been deemed employees of the Public Health Service, are considered claims asserted against the United States pursuant to the FTCA.

Section 224(g) of the PHSA, 42 U.S.C. § 233(g), provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. The Secretary of HHS deems a community health center a Public Health Center after the center has qualified for certain federal assistance, *see* 42 U.S.C. § 233(g)(1)(D)-(G). Under section 224(a) of the PHSA, 42 U.S.C. § 233(a), the FTCA is "the exclusive remedy

5

for specified actions against members of the Public Health Service." *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000). Section 224(a) expressly provides:

> The remedy against the United States provided by [the FTCA] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive* of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added).

This provision of the PHSA, like the FTCA generally, "allow[s] recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, . . . immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."[1] *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). It protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions." *Cuoco*, 222 F.3d at 108. Once "a tort action is brought against a federally funded public health center [or its employee] . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident," *Celestine*, 403 F.3d at 80. "Upon certification, the action may then be removed to federal court." *Id.* "Once such a case is

---

[1] While the Public Health Service Act specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort, *see Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991).

6

removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit." *Id.*

Here, the Secretary of HHS deemed Open Door and its employees to be Public Health Service employees for purposes of the Public Health Service Act and federal employees for the purposes of the FTCA, effective July 1, 19944. *See* Bergeron Decl. ¶ 5. Pursuant to section 224(c) of the PHSA, 42 U.S.C. § 233(c), 28 U.S.C. § 2679 (d), and 28 C.F.R. § 15.4,[2] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that Open Door and its employees were acting within the scope of their employment as designated employees of the United States at the time of the incidents alleged in the complaint. *See* Garcia Certification, Yu Decl., Ex. G.

The Garcia Certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee." *McHugh v. Univ. of Vt.*, 966 F.2d 67, 72 (2d Cir. 1992). Accordingly, both Plaintiffs' and Phelps' claims against Open Door should be dismissed, and the United States should be substituted in place of Open Door as a defendant as to both the Amended Complaint and the Phelps Complaint. *See Celestine*, 403 F.3d at 80-82; *see also Montanez ex rel. Rosario v. Hartford Healthcare Corp.*, 03-CV-1202 (GLG), 2003 WL 22389355, at *1-3 (D.Conn. Oct. 17, 2003) (substituting the United States as defendant as to a claim for contribution).

**II. The Claims against the United States in the Amended Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

Once the United States is substituted for Open Door as a defendant as to the

---

[2]   28 C.F.R. § 15.4(a) provides:
   The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

Amended Complaint and the Phelps Complaint, this Court should dismiss Plaintiffs' tort claims against the United States in the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court lacks subject matter jurisdiction over those claims because Plaintiffs did not file an administrative claim with HHS prior to commencing this action. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Celestine* 403 F.3d at 82.

    A.    <u>Plaintiffs Have the Burden to Show the Existence of Subject Matter Jurisdiction</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493. 496 (2nd Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction over his claims exists. *Luckett*, 209 F.3d at 496-97.

    B.    <u>Subject Matter Jurisdiction Is Lacking over Plaintiffs' Tort Claims against the United States Because Plaintiffs Did Not File an Administrative Claim Prior to Filing the Amended Complaint</u>

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82 (citing *McNeil*, 508 U.S. at 113 and *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). The exhaustion requirement is found in the text of 28 U.S.C. § 2675(a): "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate federal agency . . . ." 28 U.S.C. § 2675(a); *see Celestine*, 403 F.3d at 82; *see also* 28 U.S.C. § 2401(b).

The requirement is jurisdictional because "a motion invoking sovereign immunity [is one] to dismiss for lack of subject matter jurisdiction," *Chayoon v. Chao*, 355 F.3d

8

141, 143 (2d Cir. 2004) (*per curiam*), and compliance with the FTCA's administrative exhaustion requirement is a condition for the United States' waiver of sovereign immunity, *see Celestine*, 403 F.3d at 80, 82-83.  Thus, "[u]nless a plaintiff complies with the [exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).  This jurisdictional requirement "extends to all suits, including those begun in state court." *Celestine*, 403 F.3d at 82.

"The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).  Here, the Amended Complaint nowhere alleges that Plaintiffs presented an administrative claim with respect to Open Door's alleged negligence.  *See* Yu Decl., Ex. A.  Thus, Plaintiffs have not pleaded compliance with the statutory requirements of the FTCA.  Nor could Plaintiffs plead compliance – they failed to file an administrative claim with the appropriate federal agency prior to filing the Amended Complaint. [1] *See* Bergeron Decl. ¶¶ 2-4, Yu Decl. Ex. F.

Accordingly, as Plaintiffs failed to exhaust administrative remedies prior to commencing their action against defendants, their claims against the United States must be dismissed for lack of subject matter jurisdiction.  *See Celestine*, 403 F.3d at 84; *see also In re Agent Orange Prod. Litig.*, 818 F.2d at 214.

---

[1]  The Court may consider evidence outside of the pleadings, including the Bergeron Declaration, in deciding whether to dismiss the claims in the Amended Complaint because this motion is made pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  *See McKithen v. Brown*, 481 F.3d 89, 95 (2d Cir. 2007) ("in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), [the Court] may refer to evidence outside the pleadings") (internal quotation omitted).

9

## CONCLUSION

For the reasons stated above, the Court should (i) substitute the United States as third-party defendant and defendant in place of the Open Door as to both the Phelps Complaint and the Amended Complaint, and, upon substitution, (ii) dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: New York, New York
March 4, 2008
MICHAEL J. GARCIA
United States Attorney

By:   s/ Li Yu
 LI  YU
Assistant United States Attorney
Tel.: (212) 637-2734
Fax: (212) 637-2686
Email:  li.yu@usdoj.gov